UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DOROTHY JONES, | ) |
| Plaintiff, | ) |
| vs. | ) CV 01-J-1134-S |
| AMERICAN GENERAL LIFE & ACCIDENT INSURANCE COMPANY; INDEPENDENT LIFE & ACCIDENT INSURANCE CO., | ) ) ) ) |
| Defendants. | ) |

FILED
01 MAY 15 AM 9:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
MAY 15 2001

**MEMORANDUM OPINION**

This case was originally filed in the Circuit Court of Jefferson County, Alabama. In her complaint plaintiff limited the recovery she sought by pleading " . . . no claim for compensatory or punitive damages in this lawsuit which exceed $74,000, exclusive of interest and costs." (Complaint ¶8). Defendants filed a notice of removal (doc. 1), alleging diversity jurisdiction "pursuant to 28 U.S.C. §1332, in that there is complete diversity of citizenship between Plaintiffs and Defendant (sic) and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs."

Pending before this court are defendants' motion for jurisdictional discovery (doc. 2), motion to dismiss (doc. 3), and motion to stay (doc. 4). Plaintiff has filed a motion to remand (doc. 7) and a motion for order that defendant and its counsel show cause why

they should not be sanctioned for wrongful removal (doc. 8).

The Eleventh Circuit in *Burns v. Windsor Insurance Company*, 31 F.3d 1092, 1095 (11th Cir.1994), articulated the standard for establishing diversity jurisdiction when a plaintiff has plead less than the jurisdictional amount: "Where a plaintiff has specifically claimed less than the jurisdictional amount in state court, a defendant, to establish removal jurisdiction, must prove to a 'legal certainty' that the plaintiff would not recover less than $50,000 if she prevailed".[1] The Court went on to state that:

> Because removal is only permissible when plaintiff's claim could have been filed in federal court originally, we must look to plaintiff's claim to determine whether removal was appropriate. Plaintiff's complaint specifically requests $45,000 in damages. Therefore, no jurisdiction exist (sic) on the face of the plaintiff's claim. So, the critical question is to what extent must defendant prove jurisdiction exists despite plaintiff's express claim to less than the jurisdictional amount?
>
> We believe the defendant's burden of proof must be a heavy one .... We will not assume – unless given reason to do so – that plaintiff's counsel has falsely represented, or simply does not appreciate, the value of his client's case. Instead, we will assume that plaintiff's counsel best knows the value of his client's case and that counsel is engaging in no deception....

*Burns*, 31 F.3d at 1095.

The defendants argue that the amount in controversy is satisfied because under Alabama law recovery is not limited to the amount demanded in the complaint and because plaintiff's counsel refused to stipulate that he would not ever seek or accept more than $75,000 in damages. Those very arguments were raised and rejected in *Burns* as insufficient to show to a legal certainty that the amount in controversy was met. 31 F.3d

---

[1] The jurisdictional amount would now be $75,000 pursuant to the 1996 amendments to 28 U.S.C. § 1332. As mentioned above this plaintiff plead "no claim for compensatory or punitive damages in this lawsuit which exceed $74,000, exclusive of interest and costs." (Complaint ¶8).

at 1097 n. 13 ("That plaintiff *might* ask for or recover more *after* removal is not sufficient to support jurisdiction.") (emphasis in original).  It is clear that defendants have not met their burden in establishing the jurisdictional amount therefore this court lacks subject matter jurisdiction.

This court **FINDS** that the above-entitled action was removed improvidently and that this court is without jurisdiction.  Accordingly, plaintiff's motion to remand is due to be **GRANTED**.

**DONE** and **ORDERED** this the ___15___ day of May, 2001.

_____
Inge P. Johnson
United States District Judge